UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN DENNIS GOODE, CDCR #AF-2349,<br><br>                              Plaintiff,<br><br>v.<br><br>J. CANEDO, Correctional Lieutenant; JOHN AND JANE DOES 1-100,<br><br>                              Defendant. | Case No.:  3:21-cv-02054-GPC-KSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND THE ORIGINAL COMPLAINT**<br><br>**[ECF No. 9]** |

## INTRODUCTION

Before the Court is Defendant Canedo's ("Defendant" or "Canedo")[1] Motion to Dismiss. ECF No. 9. Plaintiff Benjamin Dennis Goode ("Plaintiff" or "Goode"), proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Goode is presently incarcerated in a California Department of Corrections and

---

[1] Plaintiff's Complaint refers to Defendant as "Canejo," ECF No. 1, however, Defendant's Motion to Dismiss informs the Court that Defendant's name is "Canedo," ECF No. 9 at 1. This Order refers to Defendant as "Canedo."

Rehabilitation ("CDCR") facility, Richard J. Donovan Correctional Facility ("RJD"). ECF No. 1. In his Complaint, Goode alleges Canedo, then, an RJD Correctional Sergeant, violated his Eighth Amendment rights when he placed Goode, who had tested negative for Covid-19, in a facility with Covid-19 positive prisoners and confiscated his C-PAP breathing machine. ECF No. 1 at 3-5. Goode seeks injunctive relief and monetary damages. ECF No. 1 at 7.

In Defendant's Motion to Dismiss, Canedo argues Plaintiff lacks standing because he did not suffer an actual, concrete, and particularized injury; Defendant's conduct did not cause the alleged injury Goode sustained; and Goode's requested relief will not redress his injuries. ECF No. 9 at 5-8. Defendant further argues Plaintiff did not plead sufficient facts to state a claim under the Eighth Amendment because he did not allege any concrete harm and there "is no constitutional violation absent a concrete injury." ECF No. 9 at 8-9. For the reasons stated below, Defendant's Motion is **GRANTED**. Plaintiff is given **LEAVE TO AMEND** the Complaint.

## FACTUAL BACKGROUND

On December 9, 2021, Plaintiff filed his Complaint under 42 U.S.C. § 1983 alleging then-Correctional Sergeant Canedo violated his Eighth Amendment rights while he was incarcerated at RJD. ECF No. 1. On January 10, 2022, this Court granted Plaintiff's motion to proceed *in forma pauperis*. ECF No. 4. Defendant Canedo filed a Motion to Dismiss on May 31, 2022. ECF No. 9. Plaintiff filed his response on June 27, 2022, and Defendant's reply was filed on July 13, 2022. ECF Nos. 12, 13.

Plaintiff alleges that on December 13, 2020, Correctional Officer Freeman ("Freeman")[2] went to Goode's cell and told him he was being moved to the "'D' Facility Gym" ("the D Gym"), which is where inmates that had tested positive for Covid-19 were

---

[2] Freeman is not a named Defendant.

housed and sent to recover. ECF No. 1 at 3. However, Plaintiff told Freeman that he had twice tested negative for Covid-19 and that his most recent test was negative. *Id.* He was neither experiencing nor displaying symptoms of Covid-19. *Id.* He told Freeman he "didn't understand how they could now determine that [he] had the virus." *Id.*

Freeman contacted then-Correctional Sergeant Canedo via radio and informed him that Goode claimed he was negative for the virus. *Id.* Plaintiff alleges he overheard Canedo say "he didn't care" and ordered Freeman to "move him now." *Id.* In the D Gym, Plaintiff was placed on a bottom bunk underneath an inmate that was "coughing and not covering his mouth" and appeared to Plaintiff as if he was "in real bad shape." *Id.* Plaintiff further alleges an unidentified correctional officer took his C-PAP breathing machine as he was being moved. *Id.* Plaintiff was initially told medical staff ordered the removal of his C-PAP machine, but medical staff later told him they did not order this, and thus Plaintiff says this decision must have come from Canedo. *Id.* at 5.

Plaintiff explains that his move to the D Gym appeared to be a departure from the system that was in place at RJD for handling those suspected of contracting Covid-19. *Id.* at 4. The D Gym was only for those verified to have Covid-19 and visibly displaying symptoms. *Id.* Other locations housed inmates who were "suspected" of having Covid-19 and were not displaying symptoms. *Id.*

Plaintiff states that he has "high risk pre-conditions that make [him] extremely vulnerable" to the Covid-19 virus. *Id.* at 3. He states that he is "overweight, aged and of African American decent *(sic)*." *Id.* Goode alleges all of this was known to Canedo when he made the decision to move Plaintiff. *Id.* At the time of his move to the D Gym, 19 inmates in RJD had died as a result of the Covid-19 virus. *Id.*

Plaintiff alleges his placement in the D Gym with Covid-19 positive inmates and the removal of his C-PAP machine amounted to cruel and unusual punishment in violation of the Eighth Amendment. He brings this action seeking retrospective damages

3

and an injunction to prevent now-Correctional Lieutenant Canedo from moving him to a new housing assignment. *Id.* at 7.

## LEGAL STANDARDS

Defendant's Motion to Dismiss argues that Plaintiff's Complaint should be dismissed under Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim.

### I.     Federal Rule of Civil Procedure 12(b)(1)

Rule 12(b)(1) permits dismissal of a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Dismissal for lack of subject matter jurisdiction should be granted if the complaint, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 546 F.3d 981, 984-85 (9th Cir. 2008). The Plaintiff bears the burden of proving that a federal court has subject matter jurisdiction. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *see also McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

A Rule 12(b)(1) attack may be facial or factual. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, defendant asserts that the allegations in the complaint are insufficient to prove federal subject matter jurisdiction. *Id.* The court resolves a facial attack as a Rule 12(b)(6) motion to dismiss—the court accepts the factual allegations in the complaint as true and determines if the allegations are sufficient to properly invoke federal jurisdiction. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). In a factual attack, defendant disputes the very truth of the factual allegations themselves that are said to invoke subject matter jurisdiction. *Safe Air for Everyone*, 373 F.3d at 1039. To resolve a factual attack, the court is permitted to review evidence beyond the complaint. *Id.*

Defendant does not appear to dispute the truthfulness of the underlying allegations, simply that they do not give rise to federal subject matter jurisdiction, specifically Defendant argues that Plaintiff lacks Article III standing. Thus, this is a facial attack, and the Court will determine whether the allegations in Plaintiff's Complaint, taken as true, sufficiently support a finding of subject matter jurisdiction.

## II.     Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) permits dismissal for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff is not required to provide "detailed factual allegations," but the plaintiff must plead sufficient facts that, if accepted as true, "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. A complaint will survive a motion to dismiss when it contains enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct charged." *Iqbal*, 556 U.S. at 678.

The Court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## III.    Pro Se Pleadings

Courts "liberally construe[]" documents filed pro se, and a "'pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings

drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Pro se litigants should be given the benefit of the doubt. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002); *see also Davis v. Silva*, 511 F.3d 1005, 1009 n.4 (9th Cir. 2008). Still, in giving liberal interpretation to pro se complaints, a court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## DISCUSSION

Plaintiff Goode pleads a claim under 42 U.S.C. § 1983. § 1983 creates "a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). § 1983 is not a source of substantive rights, but merely provides a cause of action to vindicate constitutional or statutory rights. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). To state a § 1983 claim, Plaintiff must plausibly allege that (1) the acts of the defendants (2) taken under color of state law (3) deprived him of his federal rights, privileges or immunities; and (4) caused him damage. *Thornton v. City of St. Helens*, 425 F.3d 1158, 1163-64 (9th Cir. 2005). Here, Plaintiff alleges then-Correctional Sergeant Canedo deprived him of his Eighth Amendment right to be free from cruel and unusual punishment when he ordered his relocation to a facility housing Covid-19 positive inmates and confiscated his C-PAP breathing machine at a time when Plaintiff had tested negative for the virus.

Defendant's Motion to Dismiss argues that Plaintiff's Complaint should be dismissed because Goode lacks Article III standing and because he has not adequately pled a claim under the Eighth Amendment. ECF No. 9 at 5.

### I. Standing

Federal courts are courts of limited subject matter jurisdiction. *Spokeo*, 578 U.S. at 337. Article III limits the judicial power of federal courts to "cases" and "controversies."

U.S. CONST. art. III, § 2, cl. 1. To state a case or controversy, a plaintiff must establish standing. *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 133 (2011). Standing requires a plaintiff to show he has: "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo*, 578 U.S. at 338 (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)). In his pleading, a plaintiff must "'clearly . . . allege facts demonstrating'" each element. *Spokeo*, 578 U.S. at 338 (quoting *Warth v. Seldin*, 422 U.S. 490, 518 (1975)). Here, Defendant argues Plaintiff has not adequately pled the injury-in-fact, causation, or redressability prongs of standing. ECF No. 9 at 5-9. The Court addresses each of these in turn.

*a. Injury-in-Fact*

To establish injury-in-fact a plaintiff must demonstrate he has "suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). To be "particularized," an injury "must affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. The particularization requirement exists, in part, to prevent litigation of "generalized grievances" that should instead be decided through the political process and to ensure the most enthusiastic litigants are before the court. *See U.S. v. Richardson*, 418 U.S. 166, 179-80 ("[T]he absence of any particular individual or class to litigate these claims gives support to the argument that the subject matter is committed . . . to the political process."); *see also Frothingham v. Mellon*, 262 U.S. 447, 487 (1923) (taxpayer's concern was "a matter of public and not of individual concern").

"Concreteness" means the injury must be "'de facto,' that is, it must actually exist." *Spokeo*, 578 U.S. at 340 (quoting Black's Law Dictionary 479 (9th ed. 2009)). The injury must be "real" and not "abstract." *Id.* Still, "'[c]oncrete' is not . . . necessarily

synonymous with 'tangible.'" *Id.*; *see also Patel v. Facebook, Inc.*, 932 F.3d 1264, 1270 (9th Cir. 2019). Intangible injuries can be "concrete," and the Supreme Court consistently views "harms specified in the Constitution," even if "intangible," as sufficient to establish standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2204 (2021) (citing *Pleasant Grove City v. Summum*, 555 U.S. 460 (2009) (abridgment of free speech); *Church of Lukumi Babalu Aye, Inc. v. Hialeah*, 508 U.S. 520 (1993) (infringement of free exercise)). In the Eighth Amendment context, exposure to dangerous conditions and disease is sufficient to establish injury-in-fact, regardless of whether the potential harm later manifests. *See e.g.*, *Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding standing because of inmates' mere exposure to tobacco smoke); *Hutto v. Finney*, 437 U.S. 678, 685-86 (1978) (stating conditions in an isolation cell is "a form of punishment subject to scrutiny under Eighth Amendment standards" and not requiring a particular physical injury to actually occur as a result of confinement in the isolation cell). A "tragic event" need not materialize before a court can order a remedy. *Helling*, 509 U.S. at 33. The Ninth Circuit confers standing when the harm alleged is "one specified by the Constitution itself." *Sanchez v. Los Angeles Dep't of Transportation*, 39 F.4th 548, 554 (9th Cir. 2022) (violation of the Fourth Amendment) (quoting *TransUnion*, 141 S. Ct. at 2204)). To establish standing, it does not matter if Plaintiff has adequately pled a valid Eighth Amendment claim. This "'confuses the jurisdictional inquiry . . . with the merits inquiry.'" *Id.* (quoting *Ecological Rights Found. v. Pac. Lumber Co.*, 230 F.3d 1141, 1151 (9th Cir. 2000)). Whether Plaintiff has adequately pled a claim under the Eighth Amendment is a separate issue, discussed below.

      Plaintiff Goode has clearly established injury-in-fact. Plaintiff's injury is particular, actual, and concrete. The injury he has suffered is his allegedly wrongful removal from his housing unit at RJD, exposure to the Covid-19 virus, and confiscation of a machine medically necessary for his breathing and comfortable sleep. He states he had twice

tested negative for Covid-19 and that Defendant was aware of this fact and "didn't care." ECF No. 1 at 3. It does not matter that Plaintiff did not develop Covid-19 or another physical illness. *See also Williams v. Pollard*, No. 21-cv-55-CAB-BGS, 2022 WL 184552, at *5 (S.D. Cal. Jan. 19, 2022) ("Plaintiff has in fact alleged something has happened to him, he was double-celled with an infected inmate at a time he was not infected with the [Covid-19] virus . . . .").

Injury-in-fact is lacking where a plaintiff only claims a "'bare procedural violation[], divorced from any concrete harm.'" *TransUnion*, 141 S. Ct. at 2213 (quoting *Spokeo*, 578 U.S. at 341)). The Ninth Circuit "recognize[s] a distinction between violations of a procedural right . . . and a substantive right." *Nayab v. Capital One Bank (USA), N.A.*, 942 F.3d 480, 490 (2019) (citing *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 982-83 (9th Cir. 2017)). A violation of a substantive right means a plaintiff "need not allege any further harm to have standing." *Eichenberger*, 876 F.3d at 983-84. Mr. Goode does not allege a "bare procedural violation." He alleges a violation of his substantive right to be free from cruel and unusual punishment. Defendant misses the point when he argues that "Plaintiff never specifies what actual injury he suffered from spending one day in the D Facility Gym without his breathing machine." ECF No. 9 at 7. Plaintiff's night in the D Gym without his breathing machine is the injury. Nothing further is required to establish injury-in-fact. The court need not await the occurrence of a "tragic event" to confer standing.

   b. Causation

Defendants further argue Plaintiff has not adequately shown causation. ECF No. 9 at 7. Under the causation prong, the question is whether Goode's asserted injury is "fairly traceable" to Defendant Canedo's conduct. *Ecological Rights Foundation v. Pacific Lumber Co.*, 230 F.3d 1141, 1152 (9th Cir. 2000). The primary issue "in the causation inquiry is whether the alleged injury can be traced to the defendant's challenged conduct,

rather than to that of some other actor not before the court." *Ecological Rights Foundation*, 230 F.3d at 1151 (citing *Lujan*, 504 U.S. at 560). A causal connection "cannot be too speculative, or rely on conjecture about the behavior of other parties, but need not be so airtight at this stage . . . as to demonstrate plaintiff[] would succeed on the merits." *Id.*

Plaintiff here pleads facts sufficient to establish a causal connection between Canedo's behavior and Goode's move to the D Gym. Plaintiff states he heard Canedo say to Officer Freeman over the radio to move Plaintiff to the D Gym after Officer Freeman told Defendant that Plaintiff had not tested positive for Covid-19. This is a direct causal chain and does not involve any speculation or attenuated inferences.

Defendant's allegation as to who ordered the confiscation of his C-PAP machine, however, is too speculative to establish causation. Plaintiff states that, "medical staff informed [him] that they had no part nor would they have taken[n] part in removing lifesaving medical equipment . . . [and t]herefore, the decision and order to have Plaintiff's C-PAP Breathing Machine came from the highest ranking officer who was directly involved in this maneuver . . . ." ECF No. 1 at 5. The chain between "medical staff did not confiscate the machine" and "Canedo must have confiscated the machine" is too diluted to properly establish causation. If he chooses to amend his Complaint, Plaintiff should plead more facts, if possible, to support his allegation Canedo ordered the removal of his machine. Plaintiff need not definitively prove Canedo ordered such removal, but Plaintiff must provide more facts to permit the Court to reasonably draw such inference.

*c. Redressability and the PLRA*

There must be standing for each claim sought. *TransUnion*, 141 S. Ct. at 2210 (citing *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 185 (2000)). Plaintiff must demonstrate standing for the injunctive relief he

10

seeks as well as monetary damages. *Id.* at 2208. Plaintiff seeks injunctive relief against Defendant Canedo preventing him from relocating him to another housing unit. ECF No. 1 at 7. A person may seek injunctive relief so long as a risk of future harm is sufficiently imminent and substantial. *Id.* at 2210 (citing *Clapper v. Amnesty Intern. USA*, 568 U.S., 398, 414 (2013); *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1982)). "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief, however, if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974).

As to his request for injunctive relief, Plaintiff Goode has not pled any facts showing that the risk of future harm to him is imminent or substantial. His Complaint simply alleges that he was placed in the D Gym without his C-PAP machine for one night. To establish a case or controversy as it relates to the injunction he seeks, Plaintiff needs to allege facts, if possible, to show that the risk of his relocation to a facility housing Covid-19 positive inmates is "sufficiently imminent and substantial." He should plead facts that defendant Canedo is the person who would order such housing relocation.

Meanwhile, Plaintiff's claim for damages requires a close review and analysis under the Prison Litigation Reform Act ("the PLRA"). An award of damages would clearly redress any harm he has previously suffered, and even nominal damages can satisfy "the redressability element of standing where a plaintiff's claim is based on a completed violation of a legal right." *Uzuegbunam v. Preczewski*, 141 S. Ct. 792, 801-02 (2021). However, under the PRLA, prisoners are barred from recovering damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The PLRA does not apply to claims for injunctive or declaratory relief. *See Schilling v. Transcor America, LLC*, No. 08-941, 2010 WL 583972, at *6 (N.D. Cal. Feb. 16, 2010); *see also Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998) (finding the PLRA did not bar injunctive or declaratory

relief because "plaintiff's ability to claim such relief is normally independent of any injury other than the threatened loss of the constitutional right"); *Zehner v. Trigg*, 133 F.3d 459, 464 (7th Cir. 1997) ("[The PLRA" does not nullify the Eighth Amendment by leaving violations of it without a remedy."). The threshold of physical injury necessary is not specified in the PLRA, but courts have interpreted this to require physical injury more than *de minimis*. *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

There is a Circuit split on whether the PLRA's bar on damages for mental or emotional injury absent physical injury is applicable to violations of constitutional rights. *Compare Aref v. Lynch*, 833 F.3d 242, 265 (D.C. Cir. 2016) (stating that the court cannot imagine Congress "intended to afford virtual immunity to prison officials even when they commit blatant constitutional violations, as long as no physical blow is dealt") *with Geiger v. Jowers*, 404 F.3d 371, 374-75 (5th Cir. 2005) (finding the physical injury requirement is "applic[able] to all federal civil actions in which a prisoner alleges a constitutional violation"). The Ninth Circuit held in *Canell v. Lightner*, 143 F.3d 1210 (9th Cir. 1998) that "[t]he deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir. 1998). In *Oliver v. Keller*, 289 F.3d 623 (2002), the Ninth Circuit again found that claims for compensatory, nominal, or punitive damages premised on violations of the Fourteenth Amendment, and not on purely emotional or mental injuries, was not barred by the PLRA. *Oliver*, 289 F.3d at 630. Further, in *Bryant v. Newland*, 64 Fed. Appx. 58 (9th Cir. 2003), the Ninth Circuit stated that "[Plaintiff's] claims for nominal, compensatory, and punitive damages premised on deliberate indifference to his safety, and not on any alleged mental or emotional injuries, are not barred by [the PLRA]." *Bryant v. Newland*, 64 Fed. Appx. 58, at *1 (9th Cir. 2003) (citing *Oliver*, 289 F.3d at 629-630). Thus, the Ninth Circuit held that the prisoner's constitutional claim in *Bryant*

could proceed, although claims for purely emotional and mental injury were barred by the PLRA. *Id.*

Here, Plaintiff pleads a violation of the Eighth Amendment. Specifically, Plaintiff pleads a claim "premised on deliberate indifference to his safety." *Bryant*, 64 Fed. App. at *1. The Ninth Circuit has found this is not subject to the PLRA requirement of physical injury, and thus Plaintiff can proceed with his claim for the Eighth Amendment violation despite a showing of physical injury. However, again, the question of whether Plaintiff has properly pled a claim under the Eighth Amendment is a separate issue, discussed below.

In sum, Plaintiff has established injury-in-fact as it relates to his claim that Defendant Canedo ordered his move to D Gym with other Covid-19 positive inmates while he was negative for the disease. His injury is his allegedly wrongful and dangerous move—Mr. Goode is required to plead no more. Goode has adequately pled that Canedo is the one who caused his relocation to the Gym. However, more facts should be pled in any amended complaint to show that Canedo is responsible for the confiscation of Plaintiff's C-PAP machine.

As to redressability, Plaintiff has not adequately pled that he is entitled to injunctive relief. As stated above, Plaintiff needs to show that there is an imminent and substantial risk he will be subjected to the same harm by the same Defendant. However, because Plaintiff pleads a violation of the Eighth Amendment, the PLRA's physical injury requirement is no bar to recovery for compensatory, nominal, and punitive damages.

## II.     Eighth Amendment Claim

The issue now is whether Plaintiff has pled a plausible Eighth Amendment claim under Rule 12(b)(6). Defendant argues that Plaintiff has not sufficiently pled a claim under the Eighth Amendment because he did not suffer a "concrete injury." ECF No. 9 at

1  5. He states "[h]arm suffered is an essential element of an Eighth Amendment claim."
2  ECF No. 9 at 8.
3        The Eighth Amendment mandates prison officials take reasonable measures to
4  guarantee inmate safety. *United States v. Williams*, 842 F.3d 1143, 1153 (9th Cir. 2016).
5  The Eighth Amendment is violated when prison officials are deliberately indifferent to a
6  substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828
7  (1994). Deliberate indifference requires a showing that the treatment placed an inmate at
8  risk of "objectively, sufficiently serious" harm, and that the official had a "sufficiently
9  culpable state of mind." *Wallis v. Baldwin*, 70 F.3d 1074, 1076 (9th Cir. 1995). "The
10 objective part of the test requires a showing that the defendants deprived the plaintiff of
11 the 'minimal civilized measure of life's necessities.'" *Grenning v. Miller-Stout*, 739 F.3d
12 1235, 1238 (9th Cir. 2014) (quoting *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir.
13 2002)). The subjective inquiry requires the plaintiff to show that a defendant acted with
14 deliberate indifference. *Id.*
15       Plaintiff easily meets the second "subjective" prong of this test. To satisfy the
16 subjective prong of an Eighth Amendment deliberate indifference claim, Plaintiff must
17 show that Defendant knew of and disregarded "an excessive risk to inmate health or
18 safety; the official must both be aware of the facts from which the inference could be
19 drawn that substantial risk of serious harm exists, and he must also draw the inference."
20 *Farmer*, 511 U.S. at 837. A court can conclude a prison official knew of a substantial risk
21 simply because the risk itself was obvious. *Id.* at 842. Plaintiff has pled facts to plausibly
22 allege Defendant knew of and disregarded an excessive risk to his health and safety.
23 Plaintiff clearly heard Freeman tell Defendant that Plaintiff was negative for the virus and
24 Canedo respond that he "didn't care." ECF No. 1 at 3. It does not require much inference
25 on the part of the Court to determine that Canedo was aware of the risk and "deliberately
26 ignored" such risk. No one is ignorant of how deadly the Covid-19 virus is for people

such as Plaintiff, and 19 inmates had already died at RJD alone. The risk Goode faced as a result of his move to D Gym was substantial and obvious.

The first "objective" prong is more difficult. Because of the novelty of the Covid-19 virus and its impact in prisons, there is not much guidance to determine if one night (as opposed to many nights, or an ongoing deliberate disregard for inmate exposure to the Covid-19 virus) in a facility designated for Covid-19 positive inmates is treatment "sufficiently serious" to constitute cruel and unusual punishment. The Court does not answer this question at this time, as Plaintiff's Eighth Amendment claim as presently pled runs into a more serious roadblock.

The Ninth Circuit has said that, to state a claim under the Eighth Amendment, a plaintiff must "sufficiently allege harm" associated with the alleged deliberate indifference. *Baptiste v. Dunn*, 448 Fed. Appx. 680, 681-82 (9th Cir. 2011). Plaintiff's original Complaint does not plead any facts showing he has suffered harm as a result of his move to the D Gym and confiscation of his C-PAP machine. Plaintiff's Response to Defendant's Motion to Dismiss alleges various mental, emotional, and physical injuries he continues to suffer as a result of his allegedly wrongful move to the D Gym. ECF No. 12. For example, Plaintiff states he "has mental health episodes," has lost weight, and is unable to take care of himself as a result of his night in the D Gym. ECF No. 12 at 8-10.

When deciding if a case should be dismissed for failure to state a claim under Rule 12(b)(6), the Court is not permitted to consider any facts not pled in the original complaint. Thus, if Plaintiff chooses to amend his original complaint, he should include facts of any physical, mental, or emotional harm he has suffered as a result of his move to the D Gym and removal of his C-PAP machine. Whether the alleged injuries included in Plaintiff's Response and any additional facts provided in an amended complaint are sufficient to establish a plausible claim under the Eighth Amendment is not answered in this Order. Plaintiff should be aware that absent any lasting physical injury or continuing

threat of Covid-19 exposure, he likely has a very weak claim, if he has a claim at all, under the Eighth Amendment.

### III. Leave to Amend

In light of Plaintiff's pro se status, the Court grants him leave to amend his pleading to sufficiently allege a § 1983 claim against Defendant Canedo if he can and wishes to do so. While Plaintiff's Eighth Amendment claim is likely quite weak, the Court is not prepared to say it is entirely meritless. A court should not dismiss a pro se complaint without leave to amend unless it is clear any deficiencies could not be cured. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

To cure the defects in his pleading, Plaintiff must set forth facts, if in existence, to plausibly show: (1) there is a risk of future harm and that this harm is imminent and substantial; (2) that Canedo is the individual who ordered the confiscation of his C-PAP machine; and (3) that he has suffered harm as a result of the alleged Eighth Amendment violation. If he chooses to amend his Complaint, Plaintiff has forty-five (45) days from the date this Order is filed to file an Amended Complaint which cures these pleading defects.

## CONCLUSION

Good cause appearing, the Court:

1. **GRANTS** Defendant's Motion to Dismiss.

2. **GRANTS** Plaintiff forty-five (45) days from the date this Order is filed to file an Amended Complaint which cures the deficiencies in pleading noted above. Plaintiff's Amended Complaint must be clearly entitled "Amended Complaint," include Civil Case No. 3:21-cv-02054-GPC-KSC in its caption, and be complete by itself without any reference to any other versions of his Complaint. Any claims not re-alleged in the Amended Complaint will be considered waived. "An amended pleading supersedes the

original." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989).

3. **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Amended Complaint under the Civil Rights Act, 42 U.S.C. § 1983, for his use in amending, should he choose to do so.

**IT IS SO ORDERED**.

Dated:  November 7, 2022

Hon. Gonzalo P. Curiel
United States District Judge