UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN DENNIS GOODE,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>J. CANEDO,<br><br>　　　　　　　　　Defendant. | Case No.:  21-cv-2054-GPC-KSC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 50]** |

Pending before the Court is Defendant's Motion for Judgment on the Pleadings. Defendant contends that Plaintiff's First Amended Complaint, ECF No. 18, fails to state a claim.  Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

We recite the facts, "accept[ing] all factual allegations of the complaint as true and draw[ing] all reasonable inferences in favor of the nonmoving party." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).  Additionally, the Court "liberally construe[s]" the complaint, in light of Plaintiff's *pro se* status.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

On December 13, 2020, Plaintiff, a state prisoner that had tested negative for COVID-19 four days prior, was forced into quarantine with thirty to forty infected inmates. ECF No. 18-1 at 76. Plaintiff protested the move. He explained to Officers Freeman and Meza, the officers tasked with moving Plaintiff into quarantine, that his most recent test was negative. ECF No. 18 at 3. Freeman relayed this information to Defendant Sergeant Canedo, but Defendant ordered Freeman to continue as planned, telling Freeman to "move him now!" *Id.* Plaintiff was transferred to the quarantine facility, referred to as "D Gym." *Id.* When Plaintiff arrived at D Gym, his Continuous Positive Airway Pressure ("CPAP") machine, which he used to treat his sleep apnea, was taken away, allegedly on medical staff's orders. *Id.*

Bunk beds were spread across D Gym, just four feet apart, and Plaintiff was assigned to a bottom bunk. *Id.* In the bunk above him, was "an inmate who seemed to be extremely sick," that "would lean over the side of the bed and c[o]ugh downward . . . all night." ECF No. 18-1 at 77. Plaintiff endured these conditions until the next day, when the sergeant supervising D Gym discovered that Plaintiff had in fact tested negative for COVID-19 and moved Plaintiff to isolation where he was to be kept for fourteen days. ECF No. 18 at 13. Plaintiff was kept in isolation for over fifty days. ECF No. 18 at 19.

Plaintiff did not contract COVID-19 from his time in D Gym. *See* ECF No. 18. However, as a result of his move "to the highly infected gym," Plaintiff has developed and has been diagnosed with Post-Traumatic Stress Disorder ("PTSD"). *Id.* at 9, 14. He is afflicted with stress and anxiety that prevent him from sleeping. *Id.* at 4. When he does sleep, he has "nightmares where he cannot save himself from choking." *Id.* He suffers from hormonal imbalances, his "glands [are] constantly issuing too much adrenaline and other chemicals because he is in constant fear of a life[-]threatening situation," and his "body weight has changed drastically." *Id.* at 4–5.

1  On December 9, 2021, Plaintiff filed a civil rights complaint, pursuant to 42 U.S.C. § 1983, alleging violations of the Eighth Amendment and seeking injunctive relief and monetary damages. *See* ECF No. 1. This Court dismissed Plaintiff's complaint with leave to amend, finding that Plaintiff had failed to "plead any facts showing he has suffered harm as a result of his move to the D Gym and confiscation of his C-PAP machine." ECF No. 15 at 15. Plaintiff filed an amended complaint on January 19, 2023, ECF No. 18, and Defendant filed this motion for Judgement on the Pleadings, *see* Fed. R. Civ. P. 12(c), on October 5, 2023, ECF No. 50.

Plaintiff's amended complaint advances two claims under the Eighth Amendment.[1] Plaintiff argues that Defendant violated the Eighth Amendment when he moved Plaintiff to D Gym despite Plaintiff's negative tests and when he ordered the removal of Plaintiff's CPAP machine despite Plaintiff's severe sleep apnea.

## LEGAL STANDARD

People in prison may challenge the conditions of their confinement under the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Though conditions of confinement need not be "comfortable," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), they may not be "inhumane," *Helling v. McKinney*, 509 U.S. 25, 30 (1993). Thus, prison officials must provide inmates with "adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of inmates.'"

---

[1] Although Plaintiff's amended complaint lists three "counts," they overlap substantially. Count 1 alleges that "Defendant Canedo Violated Plai[n]tiff's Eighth Amendment Rights to be free from dangerous/life threatening conditions," Count 2 alleges that "Defendant J. Canedo utilized both his Individual and Official capacity to coerce/order Officers Freeman, Sosa and Delgado to violate Plaintiff's Reasonable Safety," and Count 3 alleges that "Defendant Canedo's actions stepped over the line of being reasonable, violating Plaintiff's Constitutional Rights of having access to reasonable safety, 8th Amendment right." *See* ECF No. 18 at 1–19.

*Farmer*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526–527 (1984)); *see also Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.S. 472 (1995).  Plaintiff brings a valid § 1983 claim for a violation of the Eight Amendment where he demonstrates that as a result of the conditions of his confinement, "he was deprived of something sufficiently serious" and "that the deprivation occurred with deliberate indifference to the inmate's health or safety." *Foster v. Runnels*, 554 F.3d 807, 812 (9th Cir. 2009).  Because Plaintiff seeks compensation for emotional and mental injuries, he must also demonstrate more than a *de minimis* injury.  *See Oliver v. Keller*, 289 F.3d 623 at 628 (9th Cir. 2002) (citing 42 U.S.C. 1997(e)).

Defendant's Motion for Judgment on the Pleadings does not challenge whether Plaintiff's deprivation is sufficiently serious or whether Plaintiff's deprivation occurred with deliberate indifference.  Defendant argues only that the injury Plaintiff alleges is *de minimis*, and that even if the injury were not *de minimis*, Plaintiff has failed to show that Defendant caused the injury. ECF No. 50-1 at 4–7.  This Court evaluates Defendant's motion under the standards that govern Fed. R. Civ. P. 12(b)(6) motions, as a motion brought pursuant to Fed. R. Civ. P. 12(c) is "functionally identical." *See Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1201 (9th Cir. 2021).  Plaintiff's complaint survives "if, taking all well-pleaded factual allegations as true, it contains 'enough facts to state a claim to relief that is plausible on its face.'" *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1034 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  We draw all reasonable inferences in favor of Plaintiff, the responding party. *See Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011).

## ANALYSIS

The Court begins by addressing Plaintiff's quarantine claim, and then addresses Plaintiff's claim regarding the removal of his CPAP machine.

Plaintiff alleges a physical injury, caused by his quarantine, that is more than *de minimis*. *See* 42 U.S.C. § 1997(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ."). As a result of the quarantine ordered by Defendant, Plaintiff now suffers from PTSD. That disorder, and the anxiety fueling it, manifest physically. Plaintiff alleges that he is suffering from hormonal imbalances and has experienced drastic weight changes. Plaintiff's "morbid obesity" was listed on his medical record under "Problem List/Past Medical History" alongside his hyperlipidemia, allergic rhinitis, and other medical conditions. *See, e.g.*, ECF No. 18-1 at 89. Though in *Pierce v. County of Orange*, the Ninth Circuit held that requiring a *de minimis* injury to be "'an observable or diagnosable medical condition requiring treatment by a medical care professional,' . . . requires too much" of a plaintiff, here, Plaintiff's morbid obesity satisfies that "stringent standard." 526 F.3d 1190, 1224 (9th Cir. 2008) (quoting *Oliver*, 289 F.3d at 628). The Court finds that Plaintiff's drastic weight change, an exacerbation of Plaintiff's "pre-existing" obesity, *see* ECF No. 52 at 4, is a physical injury that is more than *de minimis*. While Defendants bluntly attribute these injuries "to the fact that Plaintiff was overweight before he was placed in quarantine, and now . . . is still overweight," ECF No. 58 at 2, the Court is not inclined at this stage of the proceedings to adopt this interpretation. While Plaintiff's increasingly severe obesity, *see* ECF No. 18-1 at 331, could be a product of circumstances existing prior to the incident, Plaintiff is entitled at this stage to all reasonable inferences. And the Court concludes that it is reasonable to infer that Plaintiff's "morbid obesity" was at least

exacerbated by his anxiety and PTSD, which resulted in hormonal imbalances and impacted his eating, sleeping, and exercise habits. *See* ECF No. 18 at 5.[2]

Next, the Court concludes that Plaintiff has pleaded facts demonstrating that the Defendant caused these injuries. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) ("In the context of a deliberate indifference claim, a plaintiff must prove that the defendant's deliberate indifference was the actual and proximate cause of the deprivation."). Defendant's only argument is that Plaintiff's allegations are contradicted by his medical record from November 10, 2022, which Defendant suggests "establish[] that the trauma associated with his PTSD diagnoses was the result of a different 56-day quarantine." ECF No. 50-1 at 6 (citing ECF No. 18-1 at 305). But Plaintiff's medical records reflect that Plaintiff's anxiety and disorder began with his "frustrat[ion] that [he] was placed in quarantine after [he] tested negative" in December of 2020. ECF No. 18-1 at 331. And Defendant's contention that Plaintiff's "PTSD[] arises from a completely separate incident," misleads. The "56-day quarantine" was the period of isolation that immediately followed Plaintiff's placement in D Gym. *See id.* at 327. As such, the Court finds that Plaintiff's medical records do not necessarily contradict his PTSD claim, and that Plaintiff's allegations are sufficient to state a claim for relief that is plausible on its face.

But the same cannot be said for Plaintiff's claim regarding his CPAP machine. Plaintiff has failed to plead facts demonstrating that Defendant ordered the removal of his CPAP machine. Instead, Plaintiff's first amended complaint alleges that Officer Sosa stated that medical staff had directed Sosa to take the breathing machine. ECF No. 18 at

---

[2] Even if Plaintiff had failed to plead a physical injury, the portions of his complaint seeking nominal and punitive damages for violations of the Eighth Amendment would not be barred. *See Oliver*, 289 F.3d at 630.

3. This Court observed in its order dismissing Plaintiff's original complaint, that "[t]o cure the defect in his pleading, Plaintiff must set forth facts, if in existence, to plausibly show . . . that [Defendant] is the individual who ordered the confiscation of [Plaintiff's] C-PAP machine." ECF No. 15 at 16. Although Plaintiff cites certain circumstantial evidence — that "Officer Sosa and the Defendant Sergeant Canedo are very friendly with each other" and that "Correctional Officers Delgado; Sosa; Freeman; and Mesa all worked under the Defendant," ECF No. 18 at 3, 12 — Plaintiff's claim that Defendant orchestrated the removal of his CPAP machine, without more, is too conclusory and speculative an allegation.[3] *See In Re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1051 (9th Cir. 2014). Given that Officer Sosa stated that the medical staff directed him to take the breathing machine and the allegations implicating Sergeant Canedo are unsupported and conclusory, any further amendment would likely prove futile.

Accordingly, Defendant's motion is **GRANTED IN PART** as to Plaintiff's complaint regarding the removal of his CPAP machine and **DENIED IN PART** as to his claim regarding his forced quarantine. The hearing on the matter, scheduled for November 17, 2023, is vacated.

**IT IS SO ORDERED.**

Dated: November 15, 2023

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] Plaintiff's amended complaint mentions that he gave legal mail to Officer Delgado, but that legal mail was never sent to the mailroom. Plaintiff does not allege that Delgado screened or otherwise disposed of his legal mail and appears to only mention this interaction to support his claim that Defendant had considerable influence. ECF No. 18 at 8.

21-cv-2054-GPC-KSC