UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJAMIN DENNIS GOODE,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>J. CANEDO,<br><br>　　　　　　　　　　　Defendant. | Case No.: 21-CV-2054-GPC<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>**[ECF No. 62]** |

### I. INTRODUCTION

Pending before the Court is Plaintiff's Motion for Judgment on the Pleadings. For the reasons set forth below, Plaintiff's motion is **DENIED.**

### II. BACKGROUND

Plaintiff brings an Eighth Amendment claim under 42 U.S.C. § 1983. ECF No. 1. He alleges his Eighth Amendment rights were violated when Defendant forced him to quarantine with thirty to forty COVID-19 positive inmates. ECF No. 61 at 2. Plaintiff argues that Defendant ordered this quarantine despite Plaintiff explaining that his most recent COVID-19 test was negative. *Id*. After one night in quarantine, Plaintiff was moved to isolation. *Id*. He remained in isolation for 56 days. *Id*. at 6. Plaintiff's complaint alleges PTSD, sleep deprivation, and drastic weight gain because of this isolation. *Id*. at 2.

1     Defendant subsequently moved for judgment on the pleadings, challenging Plaintiff's complaint on two grounds. ECF No. 50 at 1. First, Defendant argued that Plaintiff's alleged physical injury, drastic weight gain, is not greater than *de minimis*. *Id.* at 5. Second, Defendant argued that Plaintiff failed to demonstrate that his 56-day quarantine caused any such injury. *Id.* The Court denied Defendant's motion, finding that Plaintiff's pleadings sufficiently demonstrated both injury and causation. ECF No. 61. Plaintiff now moves the Court for judgment on the pleadings.

## III. LEGAL STANDARD

    A motion for judgment on the pleadings may be brought, "after pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P 12(c). When considering a motion for judgment on the pleadings, a court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (quoting *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004)). The movant is entitled to judgment only where it has been "clearly established on the face of the pleadings that no material issue of fact remains to be resolved." *Hal Roach Studios, Inc. v. Richard Feiner and Co, Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). An "analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, 'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'" *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Brooks v. Dunlop Mfg. Inc.*, No. C 10-04341, WL 6140912 at *3 (N.D. Cal. Dec. 9, 2011)).

## IV. DISCUSSION

    Plaintiff argues that the Court's prior order, denying Defendant's motion for judgment on the pleadings, entitles him to relief. Specifically, Plaintiff contends the order establishes three findings: (1) Plaintiff affirmatively and validly demonstrated all elements of an Eighth Amendment claim under § 1983; (2) his alleged physical injury is "more than *de minimis*"; and (3) "Defendant caused this injury." ECF No. 62 at 3–4. These findings, Plaintiff argues, led the Court to "draw all reasonable inferences" in his

favor. *Id*. at 4. Thus, Plaintiff interprets the order as corroborating the underlying merits of his Eighth Amendment claim. *See id*. ("Plaintiff concurs with the advisement"). Plaintiff argues that with no "further issues raised by the Defendant's counsel," he is entitled to judgment as a matter of law. *Id*.

Plaintiff interpretation of the Court's previous order is misguided. *See* ECF No. 61. In assessing Plaintiff's claim, the Court did not substantiate his alleged Eighth Amendment violation. Rather, the Court considered only whether Plaintiff pleaded sufficient facts to state a viable claim. *See Chavez*, 683 F.3d at 1108 (holding "a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy"). The Court's order established only two preliminary findings. First, Plaintiff's drastic weight gain, as pled, was greater than *de minimis*. ECF No. 61 at 5. Second, it was plausible that Defendant's isolation of Plaintiff for 56-days caused this injury. *Id*. at 6. Neither finding affirmed that an Eighth Amendment violation had occurred as a matter of law. Instead, the order concluded only that Plaintiff's claim was sufficient to withstand Defendant's motion for judgment on the pleadings. Plaintiff's reliance on the order for anything more than that must fail.

Plaintiff also misunderstands why the Court drew all reasonable inferences in his favor. The Court's decision to do so was not predicated on the strength of the alleged facts nor the merits of the claim. Rather, the Court was obligated to do so on account of Plaintiff being the non-moving party. *See Fleming*, 581 F.3d at 925 (holding a court must construe all factual evidence as true and "in the light most favorable to the non-moving party). Thus, the Court drew all reasonable inferences in Plaintiff's favor in accordance with the standard governing the motion. Because Plaintiff is now the moving party, the Court no longer considers his pleadings with such deference.

Lastly, Plaintiff perceives the lack of "further issues raised by the Defense's counsel" as supporting his claim for judgement. Specifically, Plaintiff contends that Defendant's failure to respond to this Court's order on Defendant's Motion for Judgment

3

on the Pleadings, ECF No. 61, requires the Court to grant his motion in the "interest of judicial economy." ECF No. 62 at 4. However, this is incorrect for two reasons.

First, Defendant was under no obligation to raise any additional issues in response to the Court's previous order. The Court's order considered the merits of Defendant's motion. With the merits of the motion resolved, the motion was no longer in adjudication. *See Gorromeo v. Zachares*, 15 Fed. Appx. 555, 556 (9th Cir. 2001) ("[T]he denial of a motion for judgment on the pleadings is not ordinarily appealable . . . ."). Therefore, any response from the Defendant was unnecessary, as consideration of his claim was complete.

Second, Plaintiff fails to account for the existing affirmative defenses raised by the Defendant's answer. *See* ECF No. 21. A "plaintiff is not entitled to judgment on the pleadings when the answer raises issues of fact that, if proved, would defeat recovery." *Gen. Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congressional Church*, 887 F.2d 228, 230 (9th Cir. 1989). Defendant's answer to Plaintiff's amended complaint included five affirmative defenses: (1) Plaintiff has failed to exhaust all available administrative remedies under the Prison Litigation Reform Act; (2) Plaintiff fails to state an actual injury; (3) the doctrine of unclean hands bars Plaintiff's ability to seek damages; (4) at all times Defendant's actions were reasonably related to achieving legitimate penological goals; and (5) the doctrine of qualified immunity shields Defendant from liability because the Defendant did not violate any clearly established statutory or constitutional right of which a reasonable person in Defendant's position would have known. ECF No. 21 at 6. With material issues of fact remaining, this Court cannot grant Plaintiff's motion for judgment on the pleadings.

### V. CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Judgment on the Pleadings is **DENIED.**

///

///

**IT IS SO ORDERED.**

Dated: April 5, 2024

Hon. Gonzalo P. Curiel
United States District Judge